

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00021-CV

IN THE MATTER OF T.S.,
A JUVENILE

----------

### FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 323-103697-16

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a juvenile court's order committing Appellant T.S. to the custody of the Texas Juvenile Justice Department after previously adjudicating him delinquent for committing the felony offense of aggravated sexual assault of a child. *See* Tex. Fam. Code Ann. § 54.03 (West 2014) (setting forth requisites of adjudication hearing), § 54.04 (West Supp. 2016) (setting forth

---

[1]*See* Tex. R. App. P. 47.4.

requisites of disposition hearing); Tex. Penal Code Ann. § 22.021 (West Supp. 2016).[2]

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion, in which he states that he has reviewed the record and believes the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding *Anders* procedures apply to juvenile appeals).

Appellate counsel notified Appellant's mother by mail of the right to file a pro se response to counsel's *Anders* brief, and this court further notified both Appellant and his mother by mail of the right to file a response to counsel's *Anders* brief. Appellant's mother filed a pro se response. The State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*,

---

[2]T.S. entered into a written stipulation agreement, in which he stipulated to the facts underlying the offense of aggravated sexual assault of a child. In the stipulation, T.S. also waived any and all pretrial motions filed on his behalf and any right of appeal in the adjudication phase.

904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *Cf. In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief, Appellant's mother's pro se response,[3] and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See In re K.C.*, No. 02-09-00150-CV, 2010 WL 323532, at *1 (Tex. App.— Fort Worth Jan. 28, 2010, no pet.) (mem. op.). Therefore, we affirm the trial court's order of commitment.

Ordinarily, upon finding that the appeal is frivolous, we would grant counsel's motion to withdraw. But in *In re P.M.*, a termination of parental rights appeal, our supreme court held—in reliance on family code section 107.013 providing that appointed counsel continues to serve in that capacity until the date all appeals are exhausted or waived—that the mere filing of an *Anders* brief in the court of appeals does not warrant the withdrawal of that counsel for purposes of proceeding in the supreme court. No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016) (order). The Juvenile Justice Code contains a similar provision: when, as in this case, the trial court finds a child's family indigent and appoints counsel, that counsel must continue to represent the child "*until the case is terminated*, the family retains an attorney, or a new attorney is appointed by the

---

[3]Mother raises only matters that are not in the record.

3

juvenile court." Tex. Fam. Code Ann. § 51.101(a) (West Supp. 2016) (emphasis added). The record does not show that either of the latter two events have occurred here, and under the reasoning of *In re P.M.*, this case has not "terminated" because not all appeals have been exhausted. *See* 2016 WL 1274748, at *2 & n.5, *3. Accordingly, even though we have affirmed the trial court's judgment, we nevertheless deny counsel's motion to withdraw. *See id.* at *3; *In re A.H.*, No. 02-16-00320-CV, 2017 WL 1573735, at *1 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) (citing *P.M.* in denying counsel's motion to withdraw in frivolous juvenile appeal); *In re A.C.*, Nos. 01-15-00931-CV, 01-15-00932-CV, 01-15-00933-CV, 2016 WL 1658777, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem. op.) (same).

PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; and PITTMAN, J.

DELIVERED: July 20, 2017